UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIN POWERS,<br><br>                              Plaintiff,<br><br>v.<br><br>WALT DISNEY ANIMATION STUDIOS, et al.,<br><br>                              Defendant. | Case No.:  25-cv-3007-RSH-BLM<br><br>**ORDER OF DISMISSAL** |

On November 6, 2025, plaintiff Christin Powers, proceeding pro se, filed this lawsuit along with a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Plaintiff sues Walt Disney Animation Studios ("WDAS"), as well as three individuals associated with WDAS, Peter Del Vecho, Chris Buck, and Jennifer Lee, for copyright infringement.

On November 19, 2025, the Court granted Plaintiff's IFP motion. ECF No. 5. The Court also dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) based on failure to state a claim. *Id.* The Court cited: (1) failure to plead registration of the copyright as required by 17 U.S.C. § 411(a); (2) failure to allege facts establishing that Defendants copied protected aspects of Plaintiff's work; and (3) the one-year statute of limitations for Copyright Act claims under 17 U.S.C. § 507(b). ECF No. 5 at 5. The Court noted that it

appeared unlikely that Plaintiff could cure these defects, but granted leave to amend to allow her to attempt to do so. *Id.*

On November 19, 2025, Plaintiff filed her Amended Complaint. ECF No. 6. Although the Amended Complaint goes further than her initial pleading in alleging copying, it does not plead copyright registration or allege facts that would make Plaintiff's lawsuit timely. A copyright claim accrues, and the statute of limitations begins to run, "when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019). Here, Plaintiff's infringement claim is based on a movie produced by Defendants that was widely distributed in 2013; accordingly, the limitations period on Plaintiff's copyright claim would have expired many years prior to her bringing this lawsuit.

The Amended Complaint suggests that Plaintiff might pursue state-law claims based on rights of publicity or invasion of privacy. ECF No. 6 at 9. In the absence of a valid federal claim or another basis for the Court's subject matter jurisdiction, this Court lacks jurisdiction over such claims.

The Court also considers the document filed by Plaintiff on December 1, 2025, styled as a Motion to Amend, which seeks to have the Court consider additional information. ECF No. 8. Although the Court considers this information submitted by Plaintiff, and therefore **GRANTS** the motion [ECF No. 8], doing so not change the analysis set forth above.

The Court concludes that granting leave to amend further would be futile. Accordingly, the Court **DISMISSES** the Amended Complaint without leave to amend. The Clerk of Court is directed to administratively close the case.

**IT IS SO ORDERED.**

Dated: December 3, 2025

_____
Hon. Robert S. Huie
United States District Judge